PARRO, J.
| .¿The defendant appeals from a trial court judgment that declared she had violated Louisiana’s Dual Officeholding and Dual Employment Law and ordered her to reimburse her former employer for salary and related benefits paid to her during the period of dual employment. For the following reasons, we reverse.

Factual and Procedural Background

On May 13, 1999, Sarah Holliday (Holli-day) began working with the Nineteenth Judicial District Court for the Parish of East Baton Rouge (19th JDC) on a full-time basis as the judicial assistant/deputy clerk for a specific district court judge. While working for the 19th JDC, Holliday began working on a full-time basis on October 17, 2005, with the United States Small Business Administration, Disaster Assistance Office, Field Operations Center-West (SBA). Until she resigned from her position with the 19th JDC on Febru-ai’y 15, 2006, Holliday worked for both of these separate and distinct governmental/public entities.
On March 31, 2006, the attorney general for the state of Louisiana (state) filed suit against Holliday seeking a judgment declaring that she had violated Louisiana’s Dual Officeholding and Dual Employment Law (DODEL), LSA-R.S. 42:61 et seq. Based on a declaration of such a violation, the state also sought to have Holliday ordered to reimburse the 19th JDC for the salary and related benefits that she had received from the 19th JDC from November 2005, through February 15, 2006, which totaled $16,158.50. In response, Holliday filed an exception raising the objection of no cause of action, as well as an answer. In her pleadings, Holliday urged that LSA-R.S. 42:65(A) only authorizes suit to be filed against a person alleged to be currently holding incompatible employments prohibited by the DODEL. Because Holliday had resigned from her position with the 19th JDC before the state filed this action, she argued that the state did not have a cause of action against her under LSA-R.S. 42:65. Although a hearing was held on the exception, the trial court deferred ruling on the exception until after a trial on the merits of the petition for declaratory judgment.
| ¿After a hearing, the trial court overruled Holliday’s . exception, declared that Holliday had violated LSA-R.S. 42:63(A)(1) by simultaneously holding employment positions with two distinct state and federal branches of government, and ordered that Holliday reimburse the 19th JDC pursuant to LSA-R.S. 42:65(0 for salary and related benefits totaling $16,158.60. Holliday filed a motion for new trial that was denied by the trial court after a hearing.
Holliday appealed, contending that the trial court legally erred in finding that the *825 state’s action was not moot, overruling her exception, finding that her position with the 19th JDC was not an appointive office, finding that her public jobs by their very particular nature conflicted with the duties and interests of each other and were adverse to the public interest, and finding that the state had proven a violation of LSA-R.S. 42:63(A)(1).

Discussion

It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. LSA-R.S. 42:61(A). The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. Id. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs. Id. The purpose of the DO-DEL is to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding. LSA-R.S. 42:61(B).
|,Concerning the civil remedy and penalty for violating the DODEL, LSA-R.S. 42:65 provides:
A. The attorney general, a district attorney, or any citizen of the state of Louisiana may by summary process petition for a declaratory judgment against a person alleged to be holding incompatible offices or employments or holding a combination of offices or employments prohibited in this Part. Venue for the suit for a declaratory judgment shall be at the domicile of the defendant who is employed or at the official domicile of any office held by the defendant.
B. If the court declares that the person is holding offices or employments in violation of this Part, the court shall declare the office with the term first to expire or one of the employments vacant and shall enjoin the person from further carrying out the duties of that office or employment; however, a person holding an elective office shall continue to serve and perform the duties of that office until his successor has qualified.
C. The court may order the reimbursement to the appropriate governmental body of all pay or other compensation and all allowances, including all allowances and payments for travel and other expenses which have been received by the official or employee in the position vacated as provided in Subsection B hereof, during a period of time not to exceed six months preceding the filing of suit for declaratory judgment. If, however, the person against whom a declaratory judgment is rendered has obtained an opinion of the attorney general issued prior to the filing of the suit for a declaratory judgment stating that the combination of offices or employments are not incompatible, and are not in violation of this Part, the court shall comply with Subsection B of this Section; however, the person against whom the declaratory judgment was rendered shall not be required to return any portion of the compensation or allowances received by him *826 prior to the date on which the declaratory judgment becomes final. Whenever any person requests an opinion of the attorney general concerning the offices or employments covered hereby, he shall at the same time provide to the attorney general information describing each of the employments or offices concerning which he requests the opinion, the number of hours worked or normally expected to be worked by him per each day of work for each of such employments or offices, the number of hours worked by him per week for such employments or offices, and shall thereafter furnish any other information the attorney general deems necessary for the issuance of the opinion. [Emphasis added.]
Based on the language in Subsection A, Holliday urged that her resignation from the 19th JDC prior to the filing of this suit precluded the attorney general from commencing proceedings under this statute, as she was no longer “holding” both of the positions in question. She urged that in the absence of an order to vacate pursuant to LSA-R.S. 42:65(B), the court is powerless to order reimbursement pursuant to LSA-R.S. 42:65(C). Based on a literal reading of this statute, we agree.
| .¡Because of her February 15, 2006 resignation, any cause of action the state may have had under LSA-R.S. 42:65(B) to have Holliday ordered to vacate her employment with the 19th JDC and to enjoin her from further carrying out the duties of that employment no longer existed when suit was filed on March 31, 2006. Subsection C of this statute only authorizes the court to order reimbursement with respect to the allowances and payments for travel and other expenses which have been received by the official or employee in the position vacated as provided in Subsection B. Having failed to allege that Holliday was holding incompatible offices or employments or holding a combination of offices or employments prohibited by the DODEL at the time suit was filed,[1] we conclude that the state failed to state a cause of action against Holliday under any of the provisions of LSA-R.S. 42:65.

Decree

For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal in the amount of $1,422.23 are assessed to the Office of the Attorney General for the State of Louisiana.
REVERSED.
KUHN, J., concurs and assigns reasons.
CARTER C.J., and McDonald, J., dissent and assign reason.

. Notably, we find no error in the trial court's finding that Holliday was in violation of LSA-R.S. 42:63(A) of the DODEL while she was employed on a full-time basis simultaneously by the judicial branch of the state of Louisiana and the United States government.